<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Kenny Bolcik, | : | Civil Action No. 08-890 (SRC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Maywood Police Dept., et al., | : | |
| | : | |
| Defendants. | : | |

SHIPP, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Defendant Rochelle Park Police Department's and Defendant Maywood Police Department's (collectively "Defendants") Motions to Dismiss. (Docket Numbers 32 and 33, respectively.) For the reasons set forth below, the undersigned respectfully recommends that the Court grant Defendants' motions.

**I.    Background**

On July 7, 2009, this Court entered an Amended Scheduling Order which provided that discovery was to be completed by August 7, 2009. In addition, the Court entered an order which provided that Plaintiff's deposition was to be conducted by July 31, 2009. On July 29, 2009, counsel attempted to conduct Plaintiff's deposition but Plaintiff refused to answer any questions. Plaintiff refused to answer questions even after counsel explained that the Court denied Plaintiff's request for pro bono counsel. Therefore, counsel filed motions to dismiss the complaint. On October 30, 2009, this Court entered an order which held both motions in abeyance pending a video status conference on November 16, 2009.

On November 16, 2009, the Court conducted a video status conference. During the video status conference, the Court provided the parties until December 15, 2009 to complete all discovery and provided that the Defendants would depose Plaintiff by December 15, 2009. Defendants scheduled Plaintiff's deposition for December 15, 2009 and notified Plaintiff of same. Plaintiff failed to appear for the deposition and did not contact the Defendants regarding the deposition. Therefore, counsel requested the Court to reinstate their motions to dismiss. On January 7, 2010, the Court contacted the Plaintiff's prison. A representative advised the Court that Plaintiff "maxed out" and provided the Court with the address Plaintiff gave to the prison when he left.

On January 8, 2010, the Court reinstated the motions to dismiss and sent notification to the Plaintiff at the address provided by the prison. The post office returned the mail as undeliverable. At no time has Plaintiff attempted to contact the Court regarding his case.

## II. Discussion

Federal Rule of Civil Procedure 37 permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express v. Piper*, 447 U.S. 752, 763 (1980) (citations omitted). In the Third Circuit, courts apply the following factors in determining whether to impose a punitive dismissal under Rule 37: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *James Industries, Inc. v. Lexar Corp.*, 60 Fed. Appx. 385, 388 (3d Cir. 2003) (*quoting Poulis v. State Farm*

*Fire and Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984.)).  Not all of the factors need to be satisfied in order to dismiss a Complaint.  *Id.*

A consideration of the relevant factors leads the Court to conclude that dismissal of Plaintiff's complaint is warranted.  The Defendants' Certifications clearly set forth Plaintiff's failure to comply with discovery orders.  Out of an abundance of caution and to afford every possible opportunity to Plaintiff, this Court held Defendants' initial motions to dismiss in abeyance.  The Court then clearly advised Plaintiff of his responsibility to appear for a deposition. Plaintiff still failed to appear.  In addition, Plaintiff failed to provide the Court with his current contact information upon release from prison.  Moreover, Plaintiff failed to take any action whatsoever to prosecute his case upon release from prison.  The Court does not find that any alternative sanctions are appropriate under the facts of the present case.

### III. Conclusion

Based on the above, I respectfully recommend that the Court grant the Motions to Dismiss Plaintiff's complaint against Rochelle Park Police Department (Doc. No. 32) and Maywood Police Department (Doc. No. 33) for failure to comply with the scheduling orders set forth in this case and for Plaintiff's failure to prosecute his case.

Respectfully submitted,

     s/   Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: May 4, 2010